ALBERT J. BECKLEY, Respondent, *v.* WINFIELD S. CHAMBERLIN, Appellant.

*Verification of an answer — when it is not excused — fraud — Code of Civil Procedure, secs. 523, 529.*

In an action brought by Albert J. Beckley against Winfield S. Chamberlin, a verified complaint was served in which it was alleged that Beckley had paid Chamberlin for certain shares of stock, the purchase of which had been induced by fraud. To this complaint Chamberlin served an unverified answer.

*Held*, that the answer must be verified.

That this was not a case in which, within the meaning of section 523 of the Code of Civil Procedure, it was "specially prescribed by law" that a pleading need not be verified.

That the portion of section 529, which provides that a verification shall not be excused in an answer to a complaint charging the defendant "with any fraud whatever affecting a right or the property of another," is not connected with the part of that section which precedes it, relating to fraudulent conveyances, but is an independent clause bearing upon the fraud affecting a right or the property of another.

*Frist* v. *Climm* (6 Civil Pro. Rep., 30) not followed.

Appeal by the defendant Winfield S. Chamberlin from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 6th day of May, 1892, denying the defendant's motion to compel the plaintiff to receive an unverified answer.

*James P. Dill*, for the appellant.

Per Curiam:

The complaint in this action shows that it is brought to recover the consideration paid for certain shares of stock sold by the defendant to the plaintiff, which it is alleged the plaintiff was induced to purchase by reason of certain false and fraudulent representations, which are fully set forth in the complaint. The defendant served thereto an unverified answer, which was returned with a notice that it did not comply with the provisions of the Code of Civil Procedure, sections 523 and 529, which refer to the verification of a pleading. A motion subsequently made by the defendant to compel plaintiff to receive the unverified answer, was

denied upon the ground that the answer to be served must be verified under section 529 of the Code.

We have been referred by the appellant to the case of *Frist* v. *Climm* (6 Civ. Pro. Rep., 30), as directly applying to the question here presented, and in which it was held that the defendant had the right in such a case to serve an unverified answer. We cannot, however, after an examination of sections 523 and 529 of the Code, agree with the conclusion reached in that case. The former section (523) provides when a pleading must be verified, and in regard to when such verification may be omitted, thus states the rule: "In a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading."

This section contains the general rule, and was undoubtedly intended as extending the privilege to parties of omitting to verify their pleading in cases where the same would have a tendency to expose them to a penal liability or to a criminal charge But it will be noticed that an exception has been made with respect to cases wherein a verification "is otherwise specially prescribed by law." Such an exception to the general rule thus laid down by section 523 is to be found in the cases referred to in section 529, wherein the defendant is not excused from verifying his answer. In addition to actions relating to confessed judgments, fraudulent conveyances and actions affecting specific property, the last paragraph of section 529 states that a defendant is not excused from verifying his answer to a complaint charging him "with any fraud whatever affecting a right or the property of another." This paragraph being disjunctive, is not related necessarily with the cases enumerated in the preceding paragraphs of the section, and its language is general, applying to any case of fraud whatever, affecting a right or the property of another. So far, therefore, as an exemption is provided by section 523 in cases of fraud, section 529 must be regarded as qualifying and as constituting the exception which is otherwise specially prescribed for depriving a defendant of the privilege extended by that section of not being compelled in certain actions to verify his answer.

We think that the purpose of this section 529 was to meet a case like the present, which, were it not for this provision of law, would

enable a defendant, in a case based upon his fraudulent acts, to serve an unverified answer. We do not think, therefore, as said in *Frist* v. *Climm* (*supra*), that section 529 is limited simply to fraudulent transfers of property, but, on the contrary, that effect must be given to every provision of that section, and it will be entirely meaningless in its last sentence unless the interpretation now put upon it is given to the words "or with any fraud whatever affecting a right or the property of another." And we are also of opinion that this construction given to section 529 does not entirely destroy the privilege provided for by section 523, but that, so far as section 523 extends the privilege of serving an unverified answer to cases where the party pleading would be privileged from testifying as a witness concerning an allegation contained in a pleading, such privilege was expressly taken away in actions of fraud. This would still leave the privilege provided for by section 523 to extend to all cases covered by such section, excepting those which are otherwise specially provided for by section 529, which, as we have seen, covers a case such as the present, which is an action for deceit for false representations in the sale of stock.

We are of opinion, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J.; O'Brien and Patterson, JJ.

Order affirmed, with ten dollars costs and disbursements.